UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY PALERMO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 11 C 8303 |
| v. ) | |
| ) | Judge George M. Marovich |
| JOHN KERRY, ) | |
| Secretary, U.S. Department of State, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Palermo ("Palermo") filed suit against defendant John Kerry ("Kerry")[1] for alleged violations of Title VII of the Civil Rights Act of 1964. In Count I, Palermo asserts that he was discriminated against on the basis of his race. In Count II, Palermo asserts that he was discriminated against on the basis of his sex. In Count III, Palermo asserts that he was retaliated against for having opposed discrimination made unlawful by Title VII. Defendant has filed a motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

## I.    Background

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show

---

[1] Palermo originally filed his suit against former Secretary of State, Hillary Clinton, for whom John Kerry has been automatically substituted pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

that such facts are disputed.  Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted.  *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004).  This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence.  *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).  Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

In this case, defendant failed to file a response to plaintiff's statement of facts by the Court's deadline.  Because defendant did not file a timely response and, therefore, did not controvert plaintiff's statement of facts with record citations, the Court deems plaintiff's facts admitted to the extent they are supported by the record.  The Court has carefully reviewed plaintiff's statement of facts and has deemed admitted only those facts supported by evidence in the record.  In addition, in several instances (including with respect to paragraphs 28, 29 and 30 of defendant's statement of facts), plaintiff denied defendant's facts without citation to record evidence.  Thus, those facts are deemed admitted to the extent they are supported by evidence.  The following facts are undisputed unless otherwise noted.

In 1995, plaintiff Palermo, a white male, started working at the Department of State's Chicago Regional Passport Office.  Since May 2005, Palermo has been employed as a Passport Operations Officer, a position at the GS-11 level of the federal government's employment hierarchy.  Palermo's duties include serving as agency fire warden; managing the transit benefit program, critical supplies and alternative work schedules; working with vital documents; and overseeing operations of the mailing machine and copier.

Since July 2009, Palermo has reported to Sean Loftus ("Loftus"), a white male. Loftus is the Assistant Director of the Chicago Passport Office, and he, in turn, reports to Terry Green ("Green"), the Director of the Chicago Passport Office.

In January 2010, Palermo was attacked (physically) by a contract security guard in the lobby of the building where the Chicago Passport Office is located. Palermo reported the incident to Loftus, who launched an investigation that led to the termination of the security guard's employment. Several months later, in August 2010, Palermo filed an internal equal employment opportunity ("EEO") complaint against Loftus and Green, who, Palermo alleged, had delayed the processing of his worker's compensation claim.

In February 2011, Palermo received a letter of reprimand for discourteous behavior. The letter of reprimand stemmed from a January 2011 incident with a co-worker. As part of his duties, Palermo was responsible for distributing employees' transit checks. One day in January 2011, a co-worker walked up to Palermo's desk to pick up her transit check. Palermo told her to come back after a meeting he was about to attend. The co-worker raised her voice and became hostile. It is undisputed that Palermo said the co-worker could "call her congressman" and that Palermo did not direct the comment toward the co-worker. The parties dispute whether the co-worker heard the comment, but it is undisputed that the co-worker promptly complained to her supervisor about the comment. Her supervisor complained to Loftus.

Loftus launched an investigation. Loftus interviewed Palermo, the co-worker and a witness. Loftus decided to refer the matter to human resources for disciplinary action, so he contacted the Human Resources Division of the Office of the Executive Director, Bureau of Consular Affairs. Geraldine Kim ("Kim"), the Executive Director, directed her staff to review the evidence, although they did not interview Palermo. The staff determined that the request for a letter of reprimand was appropriate, and, in February 2011, Kim issued it. The letter of

reprimand did not impose any discipline or affect Palermo's benefits. Instead, it warned that, "any further recurrences of this type of behavior will not be tolerated, and will result in much more severe disciplinary action."

Palermo wasted no time in filing his next complaint. On February 4, 2011, Palermo contacted the State Department's Office of Civil Rights to complain that he was issued a letter of reprimand due to his race and sex and in retaliation for his prior EEO complaint (the one having to do with his worker's compensation claim). An EEO counselor was assigned to investigate Palermo's letter of reprimand. That EEO counselor interviewed Loftus, among others.

Meanwhile, back at the passport office, Loftus needed a new customer service manager. The duties of the customer service manager would be to respond to customer complaints and congressional inquiries, train people to accept passport applications, conduct outreach to inform the public about the passport application process, write newsletters, help staff members improve their customer service and build rapport among other government agencies. Loftus was allowed to fill the customer service manager position at either the GS-12 level or the GS-13 level, depending on who was selected for the position. (The position was to have the same duties, either way, but promotion rules prevented Loftus from promoting someone who held a GS-11 position into a GS-13 position.)

Several people applied for the customer service manager position. The Office of Personnel Management ranked the candidates based on their applications and sent a list of eligible candidates to Loftus on March 14, 2011. Among the six highest-ranked candidates was Palermo, whose place on the list was two spots below eventual-winner Linda Zramkowski ("Zramkowski").

Loftus and Green interviewed the candidates. Beforehand, they developed a list of questions to ask each candidate in an effort to determine who would be best. Loftus and Green asked each candidate the same questions in the same order but did not develop a scoring system.

After all of the interviews, Loftus and Green chose Zramkowski. They discussed each candidate and decided that Zramkowski was best. Loftus believed Zramkowski was better qualified than Palermo because she had superior interpersonal and decision-making skills and exercised better judgment. Loftus had witnessed Zramkowski's work performance over the course of about eighteen months, because their offices were close to one another and because Zramkowski had worked as an acting customer service manager in the past. Zramkowski was promoted to the position at the GS-13 level, a level to which Palermo could not have been promoted.

The day on which Loftus and Green selected Zramkowski was March 24, 2011. That is the same day that the EEO counselor issued his report with respect to Palermo's February 4, 2011 complaint about the letter of reprimand. Loftus testified that he did not learn of Palermo's February 4, 2011 complaint until April or May of 2011.

When Palermo learned that he had not been chosen for promotion, he amended his EEO complaint to add a claim for failure to promote. Palermo also believed he had been subjected to a hostile work environment. For example, in February 2011, two co-workers fought near Palermo's work area. Palermo was not at work that day and, therefore, did not see the altercation. A co-worker once sprayed Lysol near Palermo's cubicle. Co-workers also occasionally spoke to Palermo in harsh tones.

## II. **Summary Judgment Standard**

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When

making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**III. Discussion**

    **A. Palermo's race discrimination claim**

In Count I, Palermo asserts that he was issued a letter of reprimand and subjected to a hostile environment due to his race. Defendant moves for summary judgment on Count I.

        **1. The letter of reprimand**

In Count I, Palermo asserts that he was given a letter of reprimand due to his race. Pursuant to Title VII of the Civil Rights Act of 1964, it "shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a).

In his complaint, Palermo alleges that he is entitled to relief under Title VII because he was issued a letter of reprimand due to his race. To be actionable as discrimination under Title VII, a difference in treatment must be material. *Minor v. Centorcor, Inc.*, 457 F.3d 632, 634 (7th Cir. 2006). "[M]any day-to-day travails and disappointments that, although frustrating, are not

so central to the employment relation that they amount to discriminatory terms or conditions" are not actionable. *Minor*, 457 F.3d at 634. As defendant points out, letters of reprimand that do not change the terms or conditions of one's employment are not actionable as discrimination under Title VII. *Lloyd v. Swifty Trans., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009). Palermo, of all people, ought to be familiar with this principle. He regularly makes federal cases out of his employment disputes, and the Seventh Circuit Court of Appeals has already explained to him that performance critiques that do not affect terms or conditions of employment are not actionable as discrimination under Title VII. *Palermo v. Clinton*, 437 Fed. Appx. 508, 2011 WL 3947416 at *2 (7th Cir. 2011) ("A negative performance evaluation alone is not an adverse employment action for a discrimination claim because it does not necessarily change the terms or conditions of employment.").

Here, it is undisputed that the letter of reprimand issued to Palermo was not accompanied by any changes to his terms or conditions of employment: his benefits and pay remained the same. Palermo's claim is frivolous. Defendant is entitled to judgment as a matter of law on Palermo's claim that he was issued a letter of reprimand due to his race.

### 2. Palermo's hostile environment claim

Next, also in Count I, Palermo claims that he was subjected to a hostile environment due to his race. Defendant is liable for creating a hostile work environment if Palermo can show: "that [his] work environment was both objectively and subjectively offensive; (2) that the harassment was based on [his] race; (3) that the conduct was either severe or pervasive; and (4) that there is a basis for employer liability." *Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011). In considering whether the environment is hostile, a court is to consider the "totality

of the circumstances[,]" including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 647 (7th Cir. 2011) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)). In addition, to "qualify as a hostile work environment, the conduct at issue must be severe or pervasive enough to cause psychological injury." *Ellis*, 650 F.3d at 647.

Defendant argues that the incidents Palermo points out do not add up to a hostile environment and are unrelated to race. The record contains evidence of four incidents, only three of which Palermo witnessed: (a) Palermo was attacked by a security guard; (b) Palermo heard about (but was not present in the office to witness) two co-workers fighting near his desk; (c) co-workers occasionally raised their voices to him; and (d) a co-worker sprayed Lysol near Palermo's cubicle. Palermo does not respond to the government's motion for summary judgment with respect to his claim that he was subjected to a hostile environment. By failing to respond, he concedes that his claim fails.

This claim, too, strikes the Court as frivolous. With or without Palermo's concession, the Court agrees that defendant is entitled to judgment as a matter of law on Palermo's claim for race harassment. The record contains no evidence that any of the incidents was based on Palermo's race.

The Court grants defendant summary judgment on Count I.

**B.     Palermo's claim for sex discrimination**

In Count II of his complaint, Palermo asserts that defendant discriminated against him on the basis of his sex in three ways: by subjecting him to a hostile environment, by issuing him a

-8-

letter of reprimand and by denying him a promotion. Defendant moves for summary judgment with respect to all of these.

The first two can be disposed of quickly. Palermo's claim that he was subjected to a hostile environment on the basis of his sex fails for the same reason as did his claim for hostile environment based on race. The record contains no evidence that any of the allegedly-hostile instances were based on his sex, and plaintiff does not even argue that they were based on sex. Thus, defendant is entitled to judgment as a matter of law.

Likewise, as the Court already explained, the letter of reprimand is not actionable as discrimination under Title VII, because it did not affect the terms or conditions of Palermo's employment. Defendant is entitled to judgment as a matter of law on this claim as well.

Finally, Palermo asserts that he was denied a promotion on the basis of his sex. To make out a *prima facie* case that defendant failed to promote him due to his sex, plaintiff must put forth evidence that: (1) he is a member of a protected class; (2) he was qualified for the position; and (3) he was rejected (4) in favor of someone outside of his protected class. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010).[2] The "burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). It requires a plaintiff to show that he was "rejected under circumstances which give rise to an inference of unlawful discrimination," and the "standard is not inflexible" because facts vary in different cases. *Burdine*, 450 U.S. at 253 and n.6.

---

[2]Defendant does not argue that plaintiff, who is attempting to establish reverse discrimination, should be required to show "background circumstances' suggesting that the employer discriminates against the majority," so the Court will not require the plaintiff to do so. *Stockwell*, 597 F.3d at 901.

-9-

Here, the Court concludes that Palermo has put forth enough evidence to create an issue of fact on the *prima facie* case. Defendant concedes that plaintiff is a member of a protected class and that he was rejected in favor of someone outside of his class. In addition, Palermo has put forth enough evidence to create an issue of fact as to whether he was qualified for the job. Specifically, Palermo put forth evidence that he was on the list of individuals deemed most qualified (by the Office of Personnel Management) for the position.

Next, defendant has the light burden of articulating a legitimate, non-discriminatory reason for the decision. *Stockwell*, 597 F.3d at 901. Defendant has done so. Defendant has put forth evidence that the two decision-makers, Loftus and Green, discussed each candidate and decided that Zramkowski was best. Loftus believed Zramkowski was better qualified than Palermo because she had superior interpersonal and decision-making skills and exercised better judgment.

In order to defeat defendant's motion for summary judgment, Palermo has the burden to put forth sufficient evidence from which a reasonable jury could conclude that defendant's reason for selecting Zramkowski over Palermo was a pretext for sex discrimination. *Stockwell*, 597 F.3d at 901. A pretext is a dishonest explanation, rather than an error. *See Bodenstab v. County of Cook*, 569 F.3d 651, 657 (7th Cir. 2009). To show pretext, Palermo "must establish that the explanation is a lie, which permits a jury to infer that the tale has been concocted to conceal an unlawful truth. It is not enough to demonstrate that the employer was mistaken, inconsiderate, short-fused, or otherwise benighted; none of those possibilities violates federal law. Poor personnel management receives its comeuppance in the market rather than the courts." *Yindee v. CCH Inc.*, 458 F.3d 599, 602 (7th Cir. 2006) (internal citations omitted).

Here, there is no such evidence. To the contrary, the *undisputed* evidence is Loftus actually believed Zramkowski was better qualified than Palermo, because she had superior interpersonal and decision-making skills and exercised better judgment. This fact is undisputed, because it was deemed admitted when Palermo failed to cite any record evidence to the contrary in response to defendant's statement of facts. The only evidence Palermo points to as establishing pretext is: (1) evidence that Loftus testified that he did not know about Palermo's EEO complaint prior to deciding whom to promote; and (2) evidence that Loftus had been interviewed in connection with Palermo's EEO complaint prior to deciding to promote Zramkowski. That evidence, however, does not suggest that defendant's reason for hiring Zramkowski was pretext for *sex* discrimination. Palermo has put forth no evidence that defendant's reason for not promoting Palermo was pretext for sex discrimination.

There are no issues of material fact, and defendant is entitled to judgment as a matter of law on Palermo's claim that he was denied a promotion due to his sex. Defendant is granted summary judgment on Count II.

**C.     Palermo's retaliation claim**

In Count III of his complaint, Palermo asserts that defendant issued him a letter of reprimand, subjected him to a hostile environment and failed to promote him in retaliation for his having complained about conduct that violated Title VII. Defendant moves for summary judgment.

The Court first notes that defendant's motion for summary judgment is granted with respect to Palermo's hostile environment claim. As with his other hostile environment claims,

this claim fails because Palermo has put forth no evidence that any of the allegedly-hostile actions were done in retaliation for his prior complaints.

### 1. Palermo's letter of reprimand

Defendant argues that it is entitled to summary judgment with respect to the letter of reprimand, because the letter of reprimand is not a materially adverse action for purposes of a retaliation claim. Palermo argues that it is actionable under the standard applicable to retaliation claims.

To have an actionable claim for retaliation, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Sante Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006) (internal citations omitted). The adversity must be "material" in order "to separate significant from trivial harms." *Id.* The standard is "general" because "the significance of any given act of retaliation will often depend upon the particular circumstances." *Burlington Northern*, 548 U.S. at 69.

The Seventh Circuit has concluded that negative performance evaluations and performance improvement plans are not, necessarily, materially adverse actions. *Cole v. Illinois*, 562 F.3d 812, 816-817 (7th Cir. 2009); *Sweeney v. West*, 149 F.3d 550, 557 (7th Cir. 1998). In *Sweeney*, the Seventh Circuit explained:

> The counseling statements are similar to negative performance evaluations, and arguably less significant. If we interpreted these simple personnel actions as materially adverse, we would be sending a message to employers that even the slightest nudge or admonition (however well-intentioned) given to an employee can be the subject of a federal lawsuit; a simple statutory prohibition against retaliation would be turned into a bizarre measure of extra protection for

employees who–though they might genuinely need counseling–at one point complained about their employer. We also would be deterring employers from documenting performance difficulties, for fear that they could be sued for doing so.

*Sweeney*, 149 F.3d at 556-557. Thus, in recent cases (including one involving this plaintiff), the Seventh Circuit has concluded that minor criticisms of an employee's performance are not materially adverse actions. *Lloyd v. Swifty Trans., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) (holding that two written reprimands were not adverse actions for purposes of a retaliation claim); *Palermo v. Clinton*, 437 Fed.Appx. 508, 2011 WL 3947416 at *3 (7th Cir. 2011) (holding that criticism of Palermo's performance within his performance review was not actionable as retaliation and noting that "an employee who complains of discrimination is not immune from the normal slights and disappointments that most employees experience.").

Here, the Court concludes that Palermo's letter of reprimand is not a material, adverse action and, therefore, is not actionable as retaliation under Title VII. Palermo's letter of reprimand, which did not affect his benefits or pay, would not dissuade a reasonable employee from complaining about discrimination. Accordingly, defendant is entitled to judgment as a matter of law on Palermo's claim that he was issued a letter of reprimand in retaliation for his prior complaint about discrimination.

### 2. Failure to promote

Finally, Palermo argues that he was denied a promotion in retaliation for having made a discrimination complaint. Defendant moves for summary judgment.

Palermo attempts to defeat summary judgment using the direct method of establishing retaliation.[3] To establish retaliation under the direct method, Palermo must show: (1) he engaged in protected conduct; (2) he suffered a material, adverse action; and (3) a causal connection between the two. *Coleman v. Donahue*, 667 F.3d 835, 859 (7th Cir. 2012). Defendant agrees that plaintiff has put forth sufficient evidence of the first and second elements. Defendant argues that Palermo's evidence is insufficient to allow a jury to return a verdict for him on causation.

"Causality is typically one of the highest hurdles retaliation plaintiffs must clear." *Benuzzi v. Board of Ed. of Chi.*, 647 F.3d 652, 665 (7th Cir. 2011). To establish causation, Palermo must show that his EEO complaint was a "substantial or motivating factor" in defendant's decision not to promote him. *Coleman*, 667 F.3d at 860. Because Palermo admittedly lacks "direct" evidence (i.e, something "akin to an admission"), he attempts to show causation by "presenting a 'convincing mosaic' of circumstantial evidence' that would permit the same inference without the employer's admission." *Coleman*, 667 F.3d at 860.

Here, Palermo points to the timing of the decision and to Loftus's misstatement that he did not know about Palermo's February EEO complaint until after he made the decision to promote Zramkowski. The undisputed evidence is that Palermo first complained about the letter

---

[3]Had Palermo attempted to use the indirect method, he would have been unable to make out a *prima facie* case of discrimination. To make out a *prima facie* case, he would have had to put forth evidence that "he, and no one else who did not complain, suffered the adverse action." *Pantoja v. American NTN Bearing Mfg. Corp.*, 495 F.3d 840, 849 (7th Cir. 2007). Here, Palermo was not the only one who defendant failed to promote. At least four other candidates were also rejected, so Palermo would need to put forth evidence that each of those others had also filed EEO complaints in order to show that he was rejected under circumstances that suggest discrimination (i.e., to make out a *prima facie* case). Palermo has not done so.

of reprimand on February 4, 2011. Loftus and Green made the decision to promote Zramkowski on March 24, 2011, ten days after they received a list of eligible candidates from the Office of Personnel Management. At some point in the interim between February 4, 2011 and March 10, 2011, the EEO counselor interviewed Loftus, although Loftus later denied having known about this particular EEO complaint prior to making the decision about the promotion.

The Court does not think this is sufficient evidence from which a reasonable jury could conclude that retaliation was a substantial factor in the decision not to promote Palermo. Timing is rarely indicative of causation where, as here, the timing of the decision was affected by, first, the accident of the vacancy and, second, the timing of when Loftus received the list of eligible candidates and was able to complete the interviews. *See Hall v. Forest River, Inc.*, 536 F.3d 615, 622 (7th Cir. 2008) ("[T]he mere fact that one event preceded another does not prove causation. This general principle is especially true when the claimed retaliation is the failure to promote, because the timing of a promotion is controlled by current or forthcoming vacancies which are beyond an employer's control, unlike firing or other types of retaliatory actions where the timing is in the hands of the employer."). Furthermore, the undisputed evidence is that Loftus and Green chose Zramkowski because they thought she was the best. It is undisputed that Loftus, who had witnessed Zramkowski's work performance both because her office was near his and because she had worked as the acting customer service manager in the past, believed that Zramkowski was better qualified than Palermo, because she had superior interpersonal and decision-making skills and exercised better judgment. Together with the above, the fact that Loftus denied knowing about the particular EEO claim before making the decision is not enough

evidence from which a reasonable jury could conclude that retaliation was a substantial or motivating factor in the decision to promote Zramkowski and not Palermo.

There are no issues of material fact, and defendant is entitled to judgment as a matter of law on Count III. Thus, the Court grants defendant's motion for summary judgment with respect to Count III.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion for summary judgment. Case closed.

ENTER:

George M. Marovich
United States District Judge

DATED: April 8, 2013